**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In Re:

WALTER JOSEPH REGAN,

        Debtor/Appellant.

3:21-cv-1231 (BKS) (Lead)
3:21-cv-1238 (BKS) Member
3:21-cv-1246 (BKS) Member
3:21-cv-1247 (BKS) Member
3:22-cv-0191 (BKS) Member

---

WALTER JOSEPH REGAN,

         Appellant,

v.

STEPHANIE HON, et al.,

         Appellees.

---

**Appearances:**

*Appellant Pro Se:*
Walter J. Regan
Ithaca, NY 14851

*For Appellee Stephanie Hon:*
Edward Y. Crossmore
Crossmore Law Firm
115 West Green Street
Ithaca, NY 14850

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.  INTRODUCTION

   Debtor-Appellant Walter Joseph Regan ("Appellant") brings the above-captioned appeals from orders of the United States Bankruptcy Court for the Northern District of New York (the "Bankruptcy Court") in Chapter 7 Bankruptcy Case No. 18-31694. Presently before the Court is Appellant's motion for a "stay of the bankruptcy proceedings and stay of any equitable

distribution of [his] estate . . . pending the appeals before the district court." (Case No. 22-cv-0191, Dkt. Nos. 5 and 5-1, at 1). The Court construes his motion as a motion pursuant to Federal Rule of Bankruptcy Procedure 8007. Appellee Stephanie Hon opposes Appellant's motion. (Dkt. No. 26).[1] For the reasons below, Appellant's motion is denied.

## II.     DISCUSSION

### A.     Background

In December 2018, Appellant initiated Chapter 7 bankruptcy proceedings "against the backdrop of a contentious divorce proceeding with . . . [Appellee] Stephanie Hon, who is also a creditor." *Regan v. Hon*, No. 20-cv-00846, 2020 WL 12846934, at *1, 2020 U.S. Dist. LEXIS 261399, at *1 (N.D.N.Y. Oct. 27, 2020). Appellee Hon's parents commenced an Adversary Proceeding in Bankruptcy Court objecting to Appellant's discharge under various provisions of 11 U.S.C. § 727(a). (Adversary Proceeding No. 19-50006). On July 10, 2020, the Bankruptcy Court issued an order in the Adversary Proceeding holding Appellant in civil contempt and assessing sanctions for violating a discovery order and for spoliation of evidence. *See Regan*, 2020 WL 12846934, at *2–3, 2020 U.S. Dist. LEXIS 261399, at *4–8. The Bankruptcy Court found that Appellant violated a discovery order directing that he deliver his computer to opposing counsel when he wiped and physically removed the computer's hard drive before delivering the computer. *See id.*, 2020 U.S. Dist. LEXIS 261399, at *4–8. This Court dismissed Appellant's appeal from that order for lack of jurisdiction, and the Second Circuit Court of Appeals dismissed his appeal of that decision because his appeal "lack[ed] an arguable basis either in law or fact." *See Regan v. Hon*, No. 20-cv-00846, 2021 WL 3603051, at *5, 2021 U.S.

---

[1] The docket citations are to the docket in Case No. 21-cv-1231 unless otherwise stated.

Dist. LEXIS 152525, at \*15 (N.D.N.Y. Aug. 13, 2021); *In Re: Walter Joseph Regan*, No. 21-2073, Dkt. No. 42 (2d Cir. Dec. 29, 2021).[2]

In November 2021, Appellant appealed from the following Bankruptcy Court orders: (1) an October 14, 2021 order denying Appellant's motion for removal of the Chapter 7 Trustee pursuant to 11 U.S.C. § 342(a), (Dkt. No. 1); (2) a November 10, 2021 order denying Appellant's motions for certification of a direct appeal of the October 14, 2021 decision to the Second Circuit and for appointment of counsel, (Case No. 21-cv-1238, Dkt. No. 1); (3) an October 20, 2021 order granting Appellee Hon's motion for relief from the automatic stay, (Case No. 21-cv-1247, Dkt. No. 1); and (4) a November 18, 2021 order denying Appellant's motion for certification of a direct appeal of the October 20, 2021 decision to the Second Circuit, (Case No. 21-cv-1246, Dkt. Nos. 2 and 5, at 20–22).

On November 18, 2021, Appellant filed a "Motion to Stay Bankruptcy Pending Resolution of Appeals Before District Court and Second Circuit" with the Bankruptcy Court. (*See* Case No. 22-cv-0191, Dkt. No. 2, at 17). The Bankruptcy Court construed Appellant's motion as a request to "enjoin further action in the underlying matters that are the subject of" the appeals of the Bankruptcy Court's orders denying Appellant's motion for removal of the Chapter 7 trustee and granting Appellee Hon's motion for relief from the automatic stay pursuant to Federal Rule of Bankruptcy Procedure 8007. (*Id.*, Dkt. No. 1, at 4–5).[3] The Bankruptcy Court denied Appellant's motion after analyzing the factors set forth in *Hirschfeld v. Board of Elections in City of New York,* 984 F.2d 35, 39 (2d Cir. 1993). (*Id.* at 5–6). The Bankruptcy

---

[2] The Court assumes familiarity with its decisions in *Regan*, 2021 WL 3603051, 2021 U.S. Dist. LEXIS 152525 and *Regan v. Hon (In re Regan)*, No. 21-cv-1231, Dkt. No. 13 (N.D.N.Y. Jan. 12, 2022) (denying Appellant's requests for appointment of counsel and certification of direct appeal).

[3] The Bankruptcy Court reasoned that Appellee would not "want to delay consideration of his appointment of counsel and direct appeal applications," as he was "actively pursuing those matters in the District Court and Second Circuit," and thus, "any decisions in Debtor's favor would benefit him." (Case No. 22-cv-0191, Dkt. No. 1, at 4 n.6).

Court found that Appellant's contentions of "criminal data manipulation of his computer" did not support the issuance of a stay, because the harm happened in the past and would not be corrected by granting a stay. (*Id.* at 6). The Bankruptcy Court also found that there would be no irreparable harm from denying a stay during the pendency of the Trustee Removal Order appeal because no further action is being taken by the Trustee, and staying the matrimonial case pending appeal of the automatic stay relief order would not address Appellant's concerns with improper computer access and conduct by counsel. (*Id.* at 6–7). Next, the Bankruptcy Court found that Appellee Hon would suffer substantial harm if a stay was imposed because she would be "unable to move forward with a final dissolution of her marriage." (*Id.* at 7). Finally, the Bankruptcy Court found that Appellant had not shown a substantial possibility of success on his appeal because this Court had already considered and rejected the same issues of improper computer access and conduct by counsel, (*id.* at 7–8), and that Appellant's assertions that "fairness" and "the rule of law" warranted a stay were insufficient, given the strong public interest in finality and speed in bankruptcy proceedings, (*id.* at 8–9).

Appellant appealed that denial to this Court in Case No. 22-cv-0191, and then filed the pending "Emergency Motion for Stays." (*Id.*, Dkt. No. 5). The Court has consolidated that appeal with Appellant's four other pending appeals of Bankruptcy Court orders. (*Id.*, Dkt. No. 6).

## B.    Stephanie Hon's Response to the Motion to Stay

Appellee Hon objects to the motion to stay, arguing that it "continues a pattern of vexatious and frivolous filings" by Appellant.[4] (Dkt. No. 26, at 1). Appellee Hon attaches to her

---

[4] The appeal from the Bankruptcy Court's denial of the motion to stay is the sixth appeal Appellant has filed from the Bankruptcy proceedings. The Second Circuit has dismissed two of Appellant's appeals from this Court's rulings. *See In re: Walter Joseph Regan*, No. 20-3444 (L), Dkt. No. 65 (2d Cir. Jan. 13, 2021) (dismissing appeal); *id.*, Dkt. No. 116 (2d Cir. Apr. 15, 2021) (denying motion for reconsideration en banc); *In re: Walter Joseph Regan*, No. 21-2073, Dkt. No. 42 (2d Cir. Dec. 29, 2021) (dismissing appeal); *id.*, Dkt. No. 62 (2d Cir. Mar. 16, 2022) (denying petition for rehearing en banc). Appellant has filed an appeal from this Court's January 12, 2022 order denying his request for appointment of counsel and for certification of a direct appeal to the Second Circuit, but that appeal is frivolous

4

opposition copies of orders by the New York Supreme Court, County of Tompkins in the

matrimonial proceedings. (*Id.* at 7–12). According to these orders, Appellant commenced a

divorce action against Appellee Hon on April 7, 2017. (*Id.* at 10). On July 31, 2019, the Supreme

Court made "certain awards" against Appellant in that proceeding by Order of Child Support, but

certain "enforcement mechanisms" were barred by the automatic stay imposed by the ongoing

bankruptcy proceedings. (*Id.*). On October 20, 2021, the Bankruptcy Court lifted the automatic

stay, and Appellee Hon then sought entry of judgment for outstanding awards of child support in

Supreme Court on October 7, 2021. (*Id.*). Appellant failed to appear or file a substantive

response, and the Supreme Court granted the requested relief. (*Id.* at 10–11).

On February 18, 2022, the Supreme Court issued a Scheduling Order directing that trial

be held on May 5, 2022. (*Id.* at 11). On March 15, 2022, Appellant filed a motion to dismiss the

matrimonial case; the Supreme Court denied the motion on May 3, 2022. (*Id.* at 11–12).

Appellant filed the present motion for a stay of proceedings the next day, May 4, 2022. (Case

No. 22-cv-0191, Dkt. No. 5). Trial in Supreme Court proceeded as scheduled on May 5, 2022,

but Appellant did not appear. (Dkt. No. 26, at 7). That day, the Supreme Court ordered that the

parties' marital residence be immediately listed for sale; that the Tompkins County Clerk sign a

deed on behalf of Appellant to convey his interest in the property to Appellee Hon so that she

could "enter a listing agreement with a realtor to sell" the property; and that the net proceeds of

the sale be held in escrow by Appellee Hon's attorneys pending a decision as to equitable

distribution. (*Id.* at 7–8).

---

because the Court's order is not a final order. *See In re: Walter Joseph Regan*, No. 20-3444, Dkt. No. 65 (2d Cir. Jan. 13, 2021) (dismissing Appellant's appeal sua sponte because it lacks jurisdiction over the appeals when the district court has not issued a final order as contemplated by 28 U.S.C. § 1291).

Appellee Hon argues that Appellant has failed to address the requirements for obtaining a stay; specifically, she argues that he has "not provided any factual information or legal analysis indicating a likelihood of the appeal's success on the merits," that he has failed to articulate any irreparable harm, and that continuing to delay the state court matter would continue to harm Appellee Hon with no bankruptcy purpose. (*Id.* at 3–4).

## C.   Discussion

Federal Rule of Bankruptcy Procedure 8007 governs motions to stay pending appeal of bankruptcy court orders. *See* Fed. R. Bankr. P. 8007. Generally, a Rule 8007 motion must first be made in the bankruptcy court. *See id.* A motion for such relief may subsequently be made in the district court so long as it states "that the [bankruptcy] court has not yet ruled on the motion, or state[s] that the [bankruptcy] court has ruled and set[s] out any reasons given for the ruling." *Id.* at 8007(b)(2)(B). "A bankruptcy judge's legal conclusions are reviewed de novo . . . Matters of discretion are reviewed for 'abuse of discretion.'" *In re Singer Co. N.V.*, No. M-47, 2000 WL 257138, at *5, 2000 U.S. Dist. LEXIS 2565, at *13–14 (S.D.N.Y. Mar. 7, 2000) (citations omitted). "[T]he decision to grant or deny a stay pending appeal is within the discretion of the bankruptcy court." *State Emps. Fed. Credit Union v. S.G.F. Props., LLC,* No. 15-cv-00418, 2015 WL 7573220, at *2, 2015 U.S. Dist. LEXIS 158991, at *5 (N.D.N.Y. Nov. 25, 2015) (quoting *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995)). "Thus, the district court 'review[s] the bankruptcy court's decision [to deny a stay pending appeal] only for abuse of discretion.'" *Id.* (quoting *Green Point Bank*, 188 B.R. at 11).

The Second Circuit has established a four-pronged test for determining whether to grant a motion for a stay pending appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal,

and (4) the public interests that may be affected." *Hirschfeld*, 984 F.2d at 39 (citations and

internal quotation marks omitted); *accord In re Turner*, 207 B.R. 373, 375 (2d Cir. B.A.P. 1997);

*In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (2d Cir. B.A.P. 1996)

(citation omitted). This standard has been routinely applied to a motion for a stay of an order of a

bankruptcy court, pending an appeal to the district court. *See, e.g.*, *State Emps. Fed. Credit*

*Union,* 2015 WL 7573220, at *2, 2015 U.S. Dist. LEXIS 158991, at *5–6; *In re Rossi*, No. 08-

mc-0081, 2008 WL 4519008, *1, 2008 U.S. Dist. LEXIS 75050, at *3 (N.D.N.Y. Sept. 26,

2008).[5] "A party seeking a stay of a lower court's order bears a difficult burden." *United States*

*v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995).

 The Court finds no abuse of discretion in the Bankruptcy Court's decision to deny

Appellant's motion for a stay pending appeal. The Bankruptcy Court applied the correct legal

test as set forth in *Hirschfeld*, and articulated appropriate and sound reasons for its decision as to

each relevant factor.

 As Appellee Hon notes, Appellant has not addressed the factors set forth in *Hirschfeld* in

his motion. First, and most importantly, Appellant has not addressed the likelihood of success of

his appeals. *See In re Baker*, No. 05-cv-3487, 2005 WL 2105802, at *3, 2005 U.S. Dist. LEXIS

36969, at *11 (E.D.N.Y. Aug. 31, 2005) (noting that in determining whether to grant a stay

pursuant to Rule 8007, "[t]he single most important factor is likelihood of success on the

---

[5] There is some ambiguity in this Circuit as to whether the *Hirschfeld* factors must *all* be satisfied for a stay pending appeal to be granted. *Compare, e.g.*, *State Emps. Fed. Credit Union,* 2015 WL 7573220, at *3 & n.1, 2015 U.S. Dist. LEXIS 158991, at *6 & n.1 ("While several lower courts have addressed the four factors as a balancing test, the Second Circuit has not departed from the rigid approach applied in *In re Turner*," which stated that "[f]ailure to satisfy one prong of this standard for granting a stay will doom the motion." (quoting *Turner*, 207 B.R. at 375)), *with, e.g.*, *In re Rossi*, 2008 WL 4519008, *1 n.1, 2008 U.S. Dist. LEXIS 75050, at *3–4 n.1 ("A number of district and bankruptcy courts within this circuit have classified the stay pending appeal standard as involving elements, all of which must be demonstrated by the movant in order to obtain relief . . . However, the Second Circuit has treated the general inquiry for granting a stay pending appeal as involving factors, rather than elements, which are to be weighed in considering whether or not to grant relief." (citations omitted)). The Court need not decide the issue, because here, the Court would not grant a stay under either standard.

merits") (citation omitted). This Court previously determined that Appellant's appeals of the Bankruptcy Court's orders denying removal of a trustee, certification of direct appeal, and appointment of counsel, and granting relief from the automatic stay, did not have "some chance of success" such that appointment of counsel was justified. *See In re Regan*, No. 21-cv-1231, Dkt. No. 13, at 4–11 (N.D.N.Y. Jan. 12, 2022). For the reasons set forth in that decision, Appellant has failed to demonstrate a substantial possibility of success on appeal.

With respect to the ongoing matrimonial proceeding and the recent order by the Supreme Court regarding the sale of the parties' marital residence, Appellant has failed to point to any error in the Bankruptcy Court's underlying decision lifting the automatic stay imposed by 11 U.S.C. § 362(a) in order to permit the divorce action that Appellant initiated to proceed to conclusion. In its decision lifting the automatic stay, the Bankruptcy Court noted that the Trustee has determined that there are no assets available for distribution, and that Appellee Hon satisfied her burden of demonstrating that cause exists under 11 U.S.C. § 362(d) to grant relief from the automatic stay. (*See* Case No. 21-cv-1247, Dkt. No. 1, at 4, 13).

Nor has Appellant identified any error in the Bankruptcy Court's analysis of the remaining *Hirschfeld* factors. As the Bankruptcy Court noted, the allegedly "illegal" access of Appellant's computer and spoliation of data by the Trustee and counsel for Appellee Hon's parents occurred in the past, and would not be corrected by granting his motion. (Case No. 22-cv-0191, Dkt. No. 1, at 6). Moreover, as the Bankruptcy Court noted, Appellee Hon would "suffer substantial harm if a stay is imposed," because she "has waited almost 3 years after a March 2019 trial date was cancelled to resolve the equitable distribution issues while the bankruptcy case was administered" and "[t]he damage from being unable to move forward with a final dissolution of her marriage is significant." (*Id.* at 6–7; *see also* Case No. 21-cv-1231, Dkt.

No. 26, at 4 (Appellee noting that a determination as to the equitable distribution of marital assets must be made as a "precondition to the issuance of a judgment of a divorce")). Finally, the Bankruptcy Court properly considered that "[p]ublic interest . . . favors the prompt and final resolution of matrimonial and family matters," and that finality is "paramount" in the bankruptcy process, (Case No. 22-cv-0191, Dkt. No. 1, at 8); indeed, the public has an interest in "the swift and efficient resolution of bankruptcy proceedings," especially where, as here, the debtor has been afforded an opportunity to be heard. *See Garner v. Bank of Richmondville*, No. 10-cv-0551, 2010 WL 11680528, at *4, 2010 U.S. Dist. LEXIS 157135, at *10 (N.D.N.Y. June 16, 2010) (quoting *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 367–68 (S.D.N.Y. 2007)).

Therefore, for the foregoing reasons, the Court denies Appellant's motion for a stay pending appeal.

## III.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Appellant's motion for a stay (Case No. 22-cv-0191, Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that the due date for the Appellant's brief is June 16, 2022, and **no further extensions will be granted**.

**IT IS SO ORDERED.**

Dated: <u>June 1, 2022</u>
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge